IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jorge Gonzalez Munguia, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:10-1293-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Lexington County, | ) | |
| "living person in charge," and | ) | |
| Lexington County Food Service Providers, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] Jorge Gonzalez Munguia ("Munguia"), a state prisoner proceeding pro se, brought an action under 42 U.S.C. § 1983 alleging various violations to his civil rights. To state a claim for relief under 42 U.S.C. § 1983, Munguia must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting "under color of state law." In her Report and Recommendation, Magistrate Judge Hendricks recommends dismissing the complaint without prejudice and without issuance and service of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

process because "[n]either Lexington County, living person in charge, nor Lexington County Food Service Providers is a proper defendant." (Report and Recommendation 3.)

Munguia filed objections to the Report and Recommendation identifying Jame Metts[2] and Trinity Food Service as the proper defendants in this case. The court construes Munguia's objection as a request to amend his complaint and grants this request. The court dismisses Lexington County and Lexington County Food Service Providers as defendants in this action as these defendants do not qualify as "persons" under § 1983. Based on Munguia's identification of a proper defendant, the court adopts Magistrate Judge Hendricks' Report and Recommendation to the extent it is consistent with this opinion.

Therefore, it is

**ORDERED** that the complaint is dismissed without prejudice and without issuance and service of process as to Lexington County and Lexington County Food Service Providers only. It is further

**ORDERED** that Munguia's request to amend his complaint to add Jame Metts[3] and Trinity Food Service as defendants is granted and this case is remanded to the magistrate judge for further consideration.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 28, 2010

---

[2] The court believes that the proper spelling is James Metts.

[3] Id.